FILED

NOT FOR PUBLICATION

NOV 17 2009

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HOWARD CHEN,

Defendant - Appellant.

No. 08-50129

D.C. No. 2:07-cr-00463-JFW-1

MEMORANDUM [*]

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted November 6, 2009
Pasadena, California

Before: SCHROEDER and IKUTA, Circuit Judges, and SEDWICK, [**] District
Judge.

The district court did not err in denying Chen's motion for an acquittal or

new trial on his conviction under 18 U.S.C. § 924(c) because, viewing the evidence

in the light most favorable to the government, any rational trier of fact could have

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable John W. Sedwick, United States District Judge for the
District of Alaska, sitting by designation.

found Chen guilty beyond a reasonable doubt of possessing a firearm "in furtherance of" the drug crime. *See United States v. Thongsy*, 577 F.3d 1036, 1040 (9th Cir. 2009). A rational juror could have found that at the time the deputy sheriff stopped Chen, he was en route to an agreed-upon location to sell drugs and had put the gun in the trunk of his rental car to have it available during the drug transaction. *See United States v. Hector*, 474 F.3d 1150, 1157 (9th Cir. 2007).

Nor did the district court err in denying Chen's motion to suppress. The challenged warrant indicated that the Welland Street house had been under surveillance; that the agents observed Chen leave the Welland Street house and without making any further stops, proceed to a location where Chen sold drugs; and that Chen had set up a further drug sale transaction at an agreed-upon location in Rosemead. In light of this information, and the logical inference that drugs may be found in a house if a person leaves that house, makes no other stops, and is then found in possession of drugs, the warrant was not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *United States v. Leon*, 468 U.S. 897, 923 (1984) (quotation marks omitted).

**AFFIRMED.**